## No. 10,762.

### THE STATE OF LOUISIANA VS. JOHN CASIMERE, ROBERT MCNAMARA, JR., AND MAURICE J. HART.

1. In case the contention is that a subsequent has impliedly repealed a provision of a former statute, a fair test is to consider the provisions of the two as fictitiously cumulated, and for the purposes of decision, treat them as one statute, and if they appear to be consistent and harmonious, there is no such appeal implied.
2. It is well settled by judicial canons of construction that the law does not favor repeals by implication.
   Unless statutes are expressly recalled, or are absolutely destructive the one of another, they will stand and co-exist. Where they can be so construed as to harmonize for the accomplishment of the object to be attained, courts are powerless to annihilate either.

APPEAL from the Twenty-sixth District Court for the Parish of Jefferson. *Rost, J.*

_____

*W. H. Rogers*, Attorney General, and *Gervais Leche*, District Attorney, and *Jas. D. Séguin* for the State, Appellant:

1. When an act has but one essential object, and that is expressed clearly in its title; and when every clause of the Act relates exclusively to the mode of attainment of that one object; and when the sections of the Act are directly

responsive to the title, and are germane and related to each other, the Act is in accord with Article 29 of the Constitution, and is constitutional and valid. State vs. Crowley, 33 An. 783; State vs. Carter, 33 An. 1215; Edwards vs. Police Jury, 39 An. 855; Conery vs. Waterworks Co., 41 An. 924; Garvin vs. State, 13 Lea,(Tenn.)162.

2. Such a title to such an act complies with the requirements of Constitutional law as to the precise statement of objects and prevention of hodge-podge legislation. Cooley on Const. Lim., 143, 144; Sedgwick on Stat. and Const. Law, 52; Bossier vs. Steele, 13 An. 433; Williams vs. Payson, 41 An. 7; State vs. Brown, 41 An 771; Conery vs. Waterworks Co., 41 An. 924.

3. The restrictive provisions of Article 29 of the Constitution are to be construed liberally, and so as not to embarrass legislation. Potter's Dwarris on Statutes, 105; Sedgwick on Stat. and Const. Law, 53; Cooley on Const. Lim. 145, 146; Succession of Lanzetti, 9 An. 333; Lafon vs. Dubrocq., 9 An. 350; Bergman, vs. R. R. Co., 1 S. W. Reporter, (Mo.) 384.

4. Act 144 of 1890 does not repeal Act 84 of 1884. The reference (to Section 3 of the latter Act) incorporated in Section 12 of the former, is therefore, not an attempt to revive and re-enact Section 3 of Act 84 of 1884, in violation of Article 30 of the Constitution.

5. Where a later law merely makes reference by number and date for greater certainly to a section of a prior law, which is still in force and has been recited at length in the enactment of said prior law, such reference only is not violative of Article 31 of the Constitution.

6. The constitutionality of an Act is to be presumed, its unconstitutionality never implied. Courts will give Statutes effect unless clearly unconstitutional. Cooley on Const. Lim., 168, 182, 183; State vs. City, 41 An. 156; Conery vs. Waterworks Co., 41 An. 924.

7. Section 12 of Act 144 of 1890 is constitutional, valid and effective.

---

*Lionel Adams* and *A. E. Billings* for Defendants and Appellees:

Act 144 of the General Assembly of 1890 is violative of Articles 29, 30, 31 and 48 of the Constitution.

It violates Article 29, in that it embraces more than object.

It violates Article 30, in that it seeks to revise and amend Act 84 of 1884, by reference to the title of said Act.

It violates Article 31, in that Section 12 thereof, is not recited at length, but is enacted by reference to Section 3 of Act 84 of 1884.

It violates Article 48, in that it is a local or special law, and does not bear evidence of publication of the notice required by said Article.

---

The opinion of the court was delivered by

WATKINS, J. The several defendants are charged in an information filed by the District Attorney—the last named in his capacity of general manager of the Louisiana Electric Light and Power Company; domiciled in the parish of Orleans, and the two first named in their respective capacities of employés of that corporation—with having "wilfully, maliciously and feloniously cut a certain public levee of

the State of Louisiana, kept and maintained under the authority thereof, and within a levee district of the same, and situated in the first ward of said State and Parish, in front of the town of McDonoughville;" and it is further averred therein that the cutting of said levee was done "without lawful permit or authorization of any kind, and in violation of Section No. 12 of Act 144, of the legislative session of 1890, approved July 10, 1890."

To this information the said defendants tendered a demurrer, to the effect that the averments thereof, " and the matters therein are, as therein alleged and set forth, not sufficient in law to compel them * * * to answer thereto. .* * * Wherefore they pray judgment, and that * * * they be dismissed and discharged."

This demurrer was sustained, and the information quashed and set aside.

From the judgment rendered in the premises the State is appellant.

From "the reasons for judgment" put on record by the trial judge, we make the following extracts as the most exact way of stating the case as he understood it.

That the defendants were indicted under the 12th section of Act 144 of 1890, which provides " that no public levee of this State shall be cut for any purpose whatsoever, except for repairs, * * * and all persons who shall be guilty of so doing shall on conviction be subject to the penalties provided by Section 3 of Act 84 of 1884 * * *

" Section 3 of Act 84 of 1884 * * * provides, among other things, that any person who shall cut any levee made and kept under the authority of the State, in violation of the provisions of this act, shall be deemed guilty of a crime against the State, and on conviction thereof * * * shall be punished by imprisonment with or without hard labor, for a term not exceeding five years, and not less than six months, and fined in a sum not exceeding $500."

He then recites the clause of Section 14 of Act 144 of 1890, which repeals all laws or parts of laws in conflict therewith, and proceeds to say that "it is clear that the General Assembly repealed the act of 1884 where inconsistent with the act of 1890, and reënacted the final clause forming a part of the act of 1884 by a simple reference to Section 3. . Article 30 of the Constitution expressly provides that no law shall be revived or amended by reference to its title, but in

such cases the act must be revived, or section as amended shall be reenacted and published at length.

"The accused in this case demur to the information, and, granted that Section 12 of Act 144 of the Acts of 1890 has failed to reenact and publish at length section 3 of Act 84 of 1884, (the former) is null, unconstitutional and void.

"This section is independent of the other provisions of the act, and does not affect the validity of the law" in other respects.

Evidently the judge sustained defendant's demurrer and dismissed the information because he entertained the opinion that the act of 1890 was in conflict with similar provisions of the act of 1884, and therefore the *latter* was repealed; and the *former* not having, in terms, reenacted, but by mere reference *attempted to reenact* the penal clause of the act of 1884, same was unconstitutional on account of non-compliance with article 30 of the Constitution.

At least this appears to be the purport of his ruling, though there is nothing in the defendant's demurrer to advise us of their complaint of the information. But for the reasons assigned by the judge there is nothing on the record to indicate that the unconstitutionality of the act of 1890 was the matter at issue. The demurrer merely states that the matters set out in the information are "not sufficient in law to compel them to answer," and therefore, their prayer is that "they be dismissed and discharged," not that the information be quashed and set aside.

It seems to us that the proper ruling in the case should have been for the judge to have declined to consider the constitutional questions that were discussed in *argument,* and to have overruled the demurrer on the ground that the averments of the information are ample and sufficient in law—the unconstitutionality of the statute under which it was found not being formally put at issue thereby.

But, as the District Judge gave consideration to the question of unconstitutionality of the law, and maintained the defendant's demurrer on the ground that it was unconstitutional, we think it preferable to entertain the question also, and decide it rather than leave so grave a complaint of an important act, open and undetermined.

A comparison of the judge's reasons with the provisions of the particular sections of the acts of 1884 and 1890, which are drawn in

question here, discloses that his statement of them is correct; but our opinion is that his deductions therefrom are incorrect.

The two statutes deal with the same subject matter, that is, the police management and control of the *completed* public levees; that of 1884 being general in its character, and that of 1890 exceptional only, or merely amandatory of the former.

The former provided for the investment of police juries with the management and control of such levees; requiring them to make laws for their preservation and protection; prohibiting their being cut except for purposes of repair or *reconstruction*, in certain defined particulars; and to prescribe punishment and penalties for violations of said provisions—the pains and penalties being as stated in the judge's reasons.

The latter provides for the manner of placing pipes through the public levees for the purposes of irrigation, and otherwise; for the removal of existing rice flumes, and other conduits therefrom; and to prohibit the cutting of the public levees, and to punish any persons offending against this act.

Section 12 declares that "all persons who shall be guilty of so doing"—that is, of cutting the levees in contravention of that act— "shall, on conviction be subject to the penalties provided for by section 3 of Act 84 of the General Assembly, approved July 10, 1884," and Section 14 provides "that all laws, or parts of laws, in conflict with or contrary to, or inconsistent' with the provisions of this act, be and the same are hereby repealed."

The important question is: Did the act of 1890 repeal, in terms or by implication, the act of 1884? To this question we feel constrained to make a negative reply.

The only question with which we are presently concerned is the penal clause of the act. In the act of 1890 *no* punishment is provided; but the specific declaration is therein made that all persons who shall be guilty of any violation of its provisions, shall, on conviction "be subject to the penalties provided in section 3 of Act 84 of 1884." By the clearest possible inference, the provisions of the act of 1884 on this subject were left in force, and are especially referred to and confirmed by the act of 1890. There was, evidently, no intention on the part of the General Assembly to repeal or modify in the slightest degree, the provisions of the act of 1884; nor did it do so, in substance or effect. The purpose of the act of 1890 was to

amend the act of 1884 in certain particulars, leaving the penal clause of that act in full force and effect.

The test—and a perfectly fair one we conceive—in matters of implied repeals, is to cumulate into one statute the provisions of the two Statutes, and for the purposes of decision, consider them together, and if, in such case they appear to be consistent and harmonious, there is no implied repeal of any of the provisions of the former by the latter law.

In State ex rel. Carcass vs. Judge, 32 An. 723, we have a clear and very correct exposition of this view.   We said in that case:

"Nothing is better settled than that the law does not favor repeals by implication.   Statutes, unless *expressly* recalled or absolutely destructive the one of the other, will stand and coëxist.   When statutes * * * can be so construed as to be made to harmonize and to prove ancillary the one to the other, for the accomplishment of the object intended, it would be wrong to annihilate either.   The court would be powerless to do so."

The act of 1884 is still in full force and effect in respect to punishments, and the amandatory act of 1890 did not repeal, modify or amend it in any particular.   Hence, there was no occasion to reënact it—or rather to attempt its reënactment.   This would have been dual and fruitless legislation.

The judgment appealed from is erroneous and must be reversed.

It is therefore ordered, adjudged and decreed that the judgment of the court appealed from be annulled, avoided and reversed; and it is now ordered that the information be re-instated, and the cause remanded to the court a qua to be therein proceeded with according to law.